**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES GILLIAM JR.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02663-SHL-tmp |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING MOTION FOR ATTORNEYS' FEES AND COSTS**

This is a judicial foreclosure action initially filed by Plaintiff Carrington Mortgage Services, LLC, in Shelby County Chancery Court on June 4, 2026. (ECF No. 2-1.) Carrington seeks to foreclose on a property owned by pro se Defendant Charles Gilliam Jr. due to his default on a loan secured by the property.[1] (Id. at PageID 5.) The action was removed by Gilliam to this Court on June 10, 2026. (ECF No. 2.)

Before the Court is Carrington's Motion to Remand, filed August 17, 2026. (ECF No. 7.) After the Court issued an Order directing a response, Gilliam responded on October 23, 2026. (ECF No. 11.) For the reasons outlined below, the Motion is **GRANTED**.

## APPLICABLE LAW

When an action is first brought in state court, but subject matter jurisdiction also lies in federal court, a defendant may remove it to the district court for the district and division

[1] The United States of America, on behalf of the Secretary of Housing and Urban Development ("HUD"), is also listed as a defendant in the action filed in Shelby County Chancery Court. (ECF No. 2-1 at PageID 3.) According to Carrington, HUD is only listed as a defendant under 28 U.S.C. § 2410(a) because it holds a subordinate Partial Claims Mortgage in the property Carrington is seeking a foreclosure on. (Id. at PageID 4.)

embracing the place where such action is pending. 28 U.S.C. § 1441. Removal is proper for claims that either raise a federal question or involve diverse parties and an amount in controversy that exceeds $75,000. Id. § 1332. Once removed, however, if a federal court determines that it does not have subject matter jurisdiction—i.e., federal question jurisdiction or diversity jurisdiction—then it must remand the removed action to state court. Guest House at Graceland, LLC v. Star Surplus Lines Ins. Co., No. 2:18-cv-2495-JPM-cgc, 2018 WL 11347747, at *1 (W.D. Tenn. Dec. 10, 2018).

## ANALYSIS

Carrington contends that its Complaint does not raise a basis for either federal question or diversity jurisdiction. (ECF No. 7 at PageID 59–61.) In response, Gilliam offers little, and instead "requests consideration of any federal question actually raised by the pleadings and any diversity-jurisdiction basis supported by the citizenship of the parties and the amount in controversy." (ECF No. 11 at PageID 81.) Because the Complaint does not support either federal question or diversity jurisdiction, and for the other reasons outlined below, this case will be remanded to Shelby County Chancery Court.

Start with federal question jurisdiction, which exists when a civil action arises under federal law. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). A case arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal] law[] or [the] Constitution." Id. (citation omitted).

Here, Carrington contends that its claims against Gilliam are in no way based on federal law. (ECF No. 7 at PageID 59.) After a careful review of the Complaint, it appears clear that Carrington's claim for judicial foreclosure under Tennessee statutory law is not a claim arising under federal law. (See ECF No. 2-1 at PageID 3 (citing Tenn. Code Ann. § 29-14-101 et seq.).)

Consequently, no basis for federal question jurisdiction appears on the face of Carrington's Complaint.

And "[f]or diversity jurisdiction to exist, the parties must be citizens of different states." Star Surplus, 2018 WL 11347747, at *1 (citation omitted). This, in turn, requires "complete diversity between all plaintiffs and defendants." Id. When a limited liability company ("LLC") is a party to an action, its citizenship status is determined by looking at the citizenship of its members and sub-members. Id. (citing Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009)).

Carrington's citizenship, because it is an LLC, is determined by the citizenship of its members. Id. Carrington's corporate structure is akin to a Russian doll,[2] but, ultimately, its sub-members are citizens of Wyoming and Tennessee. (See ECF No. 7 at PageID 60.) Gilliam is a citizen of Tennessee. (ECF No. 2-1 at PageID 4.) Therefore, based on Carrington's

---

[2] Carrington's members are (1) Carrington Holding Company, LLC; and (2) Carrington Investment Partners, L.P., which, in turn, contain the following members and sub-members:

> Carrington Holding Company, LLC is a Delaware limited liability company, whose sole member is The Carrington Companies, LLC.
>
> Carrington Investment Partners, L.P. is a Delaware limited partnership, whose general partner is Carrington Capital Management, LLC, and whose limited partners are CIP Intermediate, LLC, a Delaware limited liability company, and Carrington Holding Company, LLC, a Delaware limited liability company.
>
> Carrington Holding Company, LLC is also the sole member of CIP Intermediate, LLC. Carrington Capital Management, LLC is a Delaware limited liability company whose members are: (1) Carrington Holding Company, LLC; and (2) a natural person who is a resident and citizen of the state of Tennessee.
>
> The Carrington Companies, LLC is a Delaware limited liability company, whose members are two natural persons who are residents and citizens of the states of Wyoming and Tennessee, respectively.

(ECF No. No. 7 at PageID 60.)

representations, and the fact that an LLC's citizenship, for diversity purposes, is determined based on the citizenship of its members, there appears to be no basis for diversity jurisdiction.

Finally, Carrington seeks attorney's fees and costs under 28 U.S.C. § 1447(c), which allows a court, in remanding a case back to state court, to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees under § 1447(c) "is inappropriate if the removing party had 'an objectively reasonable basis for seeking removal.'" A Forever Recovery, Inc. v. Twp. Of Pennfield, 606 F. App'x 279, 280 (6th Cir. 2015) (citation omitted). Additionally, "[d]istrict courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C § 1447(c)." Id. (citation omitted).

Although, as it turns out, this Court does not have subject matter jurisdiction, Gilliam, proceeding pro se, did not lack an objectively reasonable basis for seeking removal. To be sure, his notice of removal was deficient in more ways than one. However, Carrington's citizenship was not stated in its initial filing in Chancery Court, and the documents it attached to its Complaint associate it with a California address. (ECF No. 2-1 at PageID 11.) Therefore, Carrington's request for attorneys' fees and costs is **DENIED**.

## CONCLUSION

Because Carrington brings state, not federal, claims and complete diversity among the parties does not exist, this Court lacks jurisdiction. Therefore, the Motion to Remand is **GRANTED**. Further, because Carrington failed to establish that Gilliam lacked an objectively reasonable basis for seeking removal, its request for attorneys' fees and costs is **DENIED**.

**IT IS SO ORDERED**, this 28th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE